# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROGER JAMES GIFFORD,  )<br>                                                    )<br>           Plaintiff,                             )<br>                                                    )     3:13-cv-00515-RCJ-VPC<br>    vs.                                          )<br>                                                    )<br>UNITED STATES OF AMERICA,    )     **ORDER**<br>                                                    )<br>           Defendant.                         )<br>_____ ) | |

Pending before the Court is an Amended Complaint ("AC") for screening under 28 U.S.C. § 1915. For the reasons given herein, the Court will permit the AC to proceed.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff Roger James Gifford sued three Defendants in this Court for the return of his property, attaching the Complaint to his motion to proceed *in forma pauperis*. The Magistrate Judge granted the motion and screened the Complaint pursuant to § 1915, but rather than recommend dismissal via report and recommendation ("R&R"), the Magistrate Judge dismissed, with leave to amend. Plaintiff objected to the dismissal order. The Court interpreted the objection as a motion for relief from judgment pursuant to Rule 60(b)(4) and granted it. Because Plaintiff had not consented to a final determination by the Magistrate Judge under 28 U.S.C. § 636(c)(1), the order should have been in the form of an R&R. *See id.* § 636(b)(1)(A)–(B); Fed. R. Civ. P. 72(b); Local R. IB 1-4(j). Rather than treat the order as an R&R and address the merits, however, the Court vacated the order in part (as to dismissal) and gave Plaintiff twenty-eight days to further amend. Plaintiff has filed the AC against the United States, and the Court

hereby screens it.

## II. LEGAL STANDARDS

Federal courts must conduct a preliminary screening under 28 U.S.C. § 1915(e) in any case in which a Plaintiff seeks to proceed *in forma pauperis*. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). In its review, a court must dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2)(B). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule 12(b)(6), and the court applies the same standard under § 1915. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Whenever a court dismisses a complaint upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). The Prison Litigation Reform Act did not institute a no-amendment rule for screenings under §§ 1915 and 1915A. *See Lopez*, 203 F.3d at 1127–30.

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory,

1  unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or in fact.  This includes claims based on legal conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.    ANALYSIS**

Plaintiff alleges that Officers Hermes and Maynard of the Bureau of Indian Affairs ("BIA") unlawfully seized his personal tools without any warrant or other lawful process while Plaintiff was working at a smoke shop on the Winnemucca Indian Colony in Winnemucca, Nevada.  He alleges that his property has yet to be returned.  Plaintiff alleges that the seizure was

in violation of the Fourth Amendment of the U.S. Constitution, and he brings the present motion under Criminal Rule 41(g) for the return of his property.

The Court finds that Criminal Rule 41(g) is a proper jurisdictional vehicle for Plaintiff to bring the present action, and that Plaintiff has made out a prima facie case of a Fourth Amendment violation. As to the Court's jurisdiction, Criminal Rule 41(g) permits district courts to entertain motions to suppress or return seized evidence, and although the rule is normally invoked for the former reason in criminal cases, it may also be invoked for the latter reason pursuant to the district court's equity jurisdiction, even by a person who has been charged with no crime, in order to force the return of property seized in violation of the Fourth Amendment. *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172–74 (9th Cir. 2010) (en banc) (per curiam) (affirming Judge Mahan's discretionary exercise of equity jurisdiction in ordering the return of property pursuant to a Rule 41(g) motion by a non-criminal defendant). As to the merits of the claim, the seizure of private property without a warrant (and in the absence of an exception to the warrant requirement) is a violation of the Fourth Amendment. *See, e.g.*, *United States v. Licata*, 761 F.2d 537, 541 (9th Cir. 1985). The allegations do not indicate that the taken property was contraband or stolen, that the taking was for a public purpose with just compensation, or any other circumstances that might obviate a Fourth Amendment analysis or clearly excuse a warrantless seizure. Because no exceptions to the warrant requirement appear on the face of the AC, Plaintiff has sufficiently alleged that the warrantless seizure was unreasonable per se under the Fourth Amendment. *See G&G Jewelry, Inc. v. City of Oakland*, 989 F.2d 1093, 1099 (9th Cir. 1993).

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Amended Complaint (ECF No. 8) may PROCEED.

IT IS FURTHER ORDERED that the Clerk shall file the Amended Complaint, issue a Summons to Defendant, and deliver the Summons and Amended Complaint to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for the defendant, or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon Defendant's attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendant. The Court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

IT IS SO ORDERED.

1Dated this 9th day of January, 2015.

_____
ROBERT C. JONES
United States District Judge